**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-CV-20916

ERNESTO DOMINGUEZ**,**

    *Plaintiff*,

vs.

DELICES DE FRANCE INC. et al.

    *Defendants*.

                                /

## DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES

Defendants Delices De France, Inc. d/b/a French Bakery ("Delices De France"), Patrick Baboun ("Mr. Baboun"), and Olga Baboun ("Mrs. Baboun") (collectively "Defendants") hereby file their Answer and Statement of Defenses in response to the Complaint ("Complaint") filed by Ernesto Dominguez ("Plaintiff"), as follows:

### *Parties, Jurisdiction, and Venue*

1.    Defendants admit that Plaintiff is over the age of 18 and, upon information and belief, admit that Plaintiff is a resident of Miami-Dade County, Florida. The remaining allegations contained in Paragraph 1 of the Complaint are denied as phrased.

2.    Defendants admit that Plaintiff was employed by Delices De France. The remaining allegations contained in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

3.    Defendants admit that Plaintiff was employed by Delices De France. The remaining allegations contained in Paragraph 3 of the Complaint are denied.

- 1 -

4.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint, and, therefore, deny the allegations therein.

5.      Defendants admit that Delices De France Inc. is a Florida corporation with its principal place of business in Miami-Dade County, Florida. The remaining allegations contained in Paragraph 5 are denied.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint, except that Defendants admit that Mr. Baboun is an officer of Delices De France Inc. The remaining allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, those remaining allegations are denied.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except that Defendants admit that Mrs. Baboun is an officer of Delices De France Inc. The remaining allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, those remaining allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

9.      The allegations contained in Paragraph 9 of the Complaint are denied, as phrased.

10.     The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to base subject matter jurisdiction under 28 U.S.C. § 1331, but deny that this Court has jurisdiction under 26 U.S.C. § 201, *et seq.* as alleged, and further deny the validity and applicability of that regulation.

11.     The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

### *Background Allegations*

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint as phrased, except that Defendants admit Plaintiff was employed by Delices De France, and was the Pastry Chef at *Delices De France French Bakery* until December 20, 2025.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, except that Defendants admit that Plaintiff was employed by Delices De France, and was the *Pastry Chef at Delices De France French Bakery*.

16.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein, except to admit certain records concerning Plaintiff's employment are maintained by Delices De France.

17.     Defendants deny the allegations in Paragraph 17, as phrased. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

18.     Defendants deny the allegations in Paragraph 18, as phrased. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required. Notwithstanding, Defendants are not contesting FLSA coverage for of this action.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

24.     The allegations in Paragraph 24 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

25.     The allegations in Paragraph 25 are legal conclusions to which no response is required. Notwithstanding, Defendants do not contest FLSA coverage for purposes of this action.

### *FLSA Overtime Liability and Damages*

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants admit that Plaintiff is currently represented by counsel. Defendants lack knowledge concerning the extent of the relationship, obligations, or financial arrangement between Plaintiff and her counsel, and therefore, deny the remaining allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein. Defendants

further deny that there has been any violation of the FLSA or that any cause or controversy exists so as to entitle Plaintiff to any relief whatsoever.

32.     The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32, and demand strict proof thereof.

In response to the unnumbered *ad damnum* clause immediately following Paragraph 32 of the Complaint, including subsections (a) through (f), Defendants deny that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendants specifically deny all allegations not specifically admitted herein.

## DEMAND FOR A JURY TRIAL

Defendants admits that Plaintiff purports to demand a jury trial on all issues so triable; but *deny* that Plaintiff is entitled to a trial by jury, that any disputed issue of material fact exists for a jury's determination. Defendants further deny that any cause or controversy exists as to entitle Plaintiff to a trial by jury in this action.

## STATEMENT OF DEFENSES

As separate defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

1.     The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the United States Department of Labor.

3.      Defendants acted in good faith and with reasonable grounds for believing their actions complied with the FLSA, and therefore liquidated damages are barred or should be reduced pursuant to 29 U.S.C. § 260.

4.      Plaintiff's claims are barred, in whole or in part, because Defendants did not act willfully within the meaning of the FLSA. Defendants acted in good faith and with reasonable grounds for believing their conduct complied with the FLSA. Accordingly, any recovery is limited to the two-year statute of limitations applicable to non-willful violations.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that the work Plaintiff performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b), including but not limited to, the executive, administrative, and professional exemptions and/or a combination of these.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was employed in a bona fide administrative and/or executive capacity within the meaning of the FLSA and applicable regulations.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was employed in a *bona fide* creative professional capacity exempt from the overtime provisions of the FLSA. Plaintiff was employed as a Pastry Chef whose primary duties involved the creation of unique, high-end pastries requiring invention, imagination, and originality.

8.    Plaintiff's claims are barred, in whole or in part, by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

9.    Plaintiff's claims are barred, in whole or in part, to the extent that any alleged hours in excess of forty in a workweek were dedicated to personal endeavors and/or social interactions of a personal nature, which do not fall within the definition of "to suffer or permit to work."

10.    Plaintiff's claims are barred, in whole or in part, because the activities alleged to be compensable were preliminary or postliminary to Plaintiff's principal activities within the meaning of the Portal to Portal Act, 29 U.S.C. § 254.

11.    Some or all of the time for which Plaintiff seeks compensation is *de minimis* and therefore not compensable under the FLSA.

12.    In the event any sum may be found due and owing to Plaintiff, Defendant is entitled to a setoff for any overpayments made to Plaintiff.

13.    To the extent Plaintiff failed to accurately report time worked, and Defendants neither knew nor should have known of any alleged uncompensated work, Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

14.    Plaintiff's claims against Mrs. Baboun is barred, in whole or in part, because she was not Plaintiff's employer within the meaning of the FLSA, and therefore Plaintiff's claims against Mrs. Baboun fail as a matter of law.

15.    Plaintiff's claims against Mr. Baboun is barred, in whole or in part, because he was not Plaintiff's employer within the meaning of the FLSA, and therefore Plaintiff's claims against Mr. Baboun fail as a matter of law.

16.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has been fully compensated for all hours worked in accordance with the FLSA.

**WHEREFORE**, Defendants respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer; (c) award Defendants costs and reasonable attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

Dated:  March 25, 2026

*/s/Miguel A. Morel*
Miguel A. Morel, Bar No. 89163
mamorel@littler.com
Arielle Astra, Bar No. 1069704
aastra@littler.com
**LITTLER MENDELSON, P.C.**
Miami Tower
100 SE 2nd Street
Suite 4300
Miami, Florida 33131
Telephone: 305.400.7500

*Attorneys for Defendant*

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 25th day of March 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*Counsel for Plaintiff:*

Brian H. Pollock, Esq.
brian@fairlawattorney.com
Samuel G. Gonzalez, Esq.
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite
Coral Gables, Florida 33146
Telephone: 305.230.4884

*/s/ Arielle L. Astra*
Arielle L. Astra
