**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-CV-20916-MOORE/Elfenbein

**ERNESTO DOMINGUEZ,**

>   *Plaintiff,*

vs.

**DELICES DE FRANCE, INC.,** *et al.,*

>   *Defendants.*

_____/

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S STATEMENT OF CLAIM.

Defendants, **Delices De France, Inc**. d/b/a **French Bakery**, **Patrick Baboun**, and **Olga Baboun** (collectively, "Defendants"), pursuant to the Court's *Notice Of Court Practice* in cases filed under the Fair Labor Standards Act[1] ("FLSA") [D.E. 4], hereby responds to Plaintiff Ernesto Dominguez's Statement of Claim [D.E. 11].

### RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff filed this action against Defendants on February 11, 2026. [D.E. 1]. Plaintiff filed his Statement of Claim on March 3, 2026. [D.E. 11]. Defendants' counsel appeared on March 11, 2026 and promptly received service of Plaintiff's Statement of Claim ("SOC").  Defendants deny Plaintiff's allegations, dispute the accuracy of his claimed hours and wage calculations, and assert applicable defenses under the FLSA and the Portal-to-Portal Act.

---

[1] 29 U.S.C. § 201 *et seq*.

In his SOC, Plaintiff asserts that he worked for Defendants between February 11, 2023 and December 20, 2025. SOC at 2, ¶5. He claims that he worked an estimated 47 to 52 hours per week in 2023 and 2024, and between 42 and 45 hours per week in 2025, for which he alleges he was not properly paid overtime. SOC at 2, ¶4. Plaintiff calculates his estimated unpaid overtime wages to total $12,667.00. SOC at 2, ¶3. Plaintiff also seeks liquidated damages, attorney's fees, and costs.

## RESPONSE TO STATEMENT OF CLAIM

Defendant denies Plaintiff's Statement of Claim, including Plaintiff's alleged hours worked, the alleged amounts due, and method used to arrive at said calculations. For example, Plaintiff's calculations appear to include amounts, which are to be excluded from the regular rate pursuant to 29 U.S.C. §207(e), including vacation and time-off. Notwithstanding, Plaintiff was exempt from the FLSA's overtime provisions. As noted below, he was a *Pastry Chef at Delices de France French Bakery*, and primary duties involved the creation of unique, high-end pastries requiring invention, imagination, and creativity. Plaintiff was also exempt from the FLSA's overtime provisions under the administrative and/or executive exemption, or combination of both. Plaintiff was paid his full salary, even when he did not work anywhere close to 40 hours a week.

Overtime may not be calculated by averaging hours worked across multiple workweeks or by relying on average hours worked over a biweekly or semi-monthly pay period. In the event Plaintiff is found to have been misclassified, Plaintiff did not work over 40 hours each week when his non-compensable time is factored in, including a one-hour lunch break, and extended amounts of time spent handling personal endeavors, including frequent and protracted cell-phone breaks.

**RESPONSE TO REQUESTED ATTORNEYS' FEES**

| Timekeeper | Role | Hourly Rate | Hours Claimed | Amount Claimed |
|---|---|---|---|---|
| Brian H. Pollock, Esq. | Attorney | $635.00 | 2.4 | $1,524.00 |
| P. Brooks LaRou, Esq. | Attorney | $450.00 | 0.2 | $90.00 |
| Samuel G. Gonzalez, Esq. | Attorney | $450.00 | 8.8 | $3,960.00 |
| Steffany Sanguino | Paralegal | $185.00 | 2.5 | $462.50 |
| Juan Aragon | Paralegal | $115.00 | 0.6 | $594.00 |
| | | | | $6,105.50 $574.20 (costs) |

Defendants object to the hourly rates requested by Plaintiff's counsel, the number of legal professionals involved in this single-plaintiff FLSA action, and the amount of hours spent before the undersigned appeared in this matter. Although Plaintiff has elected a team of fine lawyers, Courts in this District have routinely awarded these professionals a lower rate in comparable cases.

| Case | Date | Rates Approved | Paralegal Rates Approved |
|---|---|---|---|
| ***Castillo Marenco v. J.C. Painting Contractor LLC***, S.D. Fla. No. 1:24-cv-21463-ALTMAN | Mar. 14, 2025 | Pollock $450/hr; LaRou $275/hr | $150/hr |
| ***Mendez v. Alpha & Omega Calibration Servs., LLC***, S.D. Fla. No. 1:24-cv-20543-WILLIAMS | Aug. 13, 2024 | Pollock $450/hr; LaRou $275/hr | $150/hr |
| ***McLeod v. Chef Creole Inc.,*** S.D. Fla. No. 1:22-cv-22657-MOORE | Aug. 7, 2024 | Pollock $450/hr; Alvey $350/hr; Cummings $350/hr | $125/hr |
| ***Sevares v. American Pipeline Const., LLC***, S.D. Fla. No. 1:22-cv-21233-MOORE | July 14, 2023 | Pollock $450/hr; Cummings $350/hr | $125/hr |

### DEFENSES TO PLAINTIFF'S FLSA CLAIM

Plaintiff was the *Pastry Chef at Delices de France French Bakery*, and his primary duties involved the creation of unique, high-end pastries requiring invention, imagination, creativity, and originality. Plaintiff was also employed in a *bona fide* administrative and/or executive capacity (or combination of both) and, therefore, exempt from the FLSA's overtime provisions.

1.      Plaintiff's claims are barred, in whole or in part, by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the United States Department of Labor.

2.      Defendants acted in good faith and with reasonable grounds for believing their actions complied with the FLSA, and therefore liquidated damages are barred or should be reduced pursuant to 29 U.S.C. § 260.

3.      Plaintiff's claims are barred, in whole or in part, because Defendants did not act willfully within the meaning of the FLSA. Defendants acted in good faith and with reasonable grounds for believing their conduct complied with the FLSA. Accordingly, any recovery is limited to the two-year statute of limitations applicable to non-willful violations.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that the work Plaintiff performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b), including but not limited to, the executive, administrative, and professional exemptions and/or a combination of these.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff was employed in a bona fide administrative and/or executive capacity within the meaning of the FLSA and applicable regulations.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff was employed in a *bona fide* creative professional capacity exempt from the overtime provisions of the FLSA. Plaintiff was employed as a Pastry Chef whose primary duties involved the creation of unique, high-end pastries requiring invention, imagination, and originality.

7. Plaintiff's claims are barred, in whole or in part, by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

8. Plaintiff's claims are barred, in whole or in part, to the extent that any alleged hours in excess of forty in a workweek were dedicated to personal endeavors and/or social interactions of a personal nature, which do not fall within the definition of "to suffer or permit to work."

9. Plaintiff's claims are barred, in whole or in part, because the activities alleged to be compensable were preliminary or postliminary to Plaintiff's principal activities within the meaning of the Portal to Portal Act, 29 U.S.C. § 254.

10. Some or all of the time for which Plaintiff seeks compensation is *de minimis* and therefore not compensable under the FLSA.

11. In the event any sum may be found due and owing to Plaintiff, Defendant is entitled to a setoff for any overpayments made to Plaintiff.

12. To the extent Plaintiff failed to accurately report time worked, and Defendants neither knew nor should have known of any alleged uncompensated work, Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

13.    Plaintiff's claims against Mrs. Baboun is barred, in whole or in part, because she was not Plaintiff's employer within the meaning of the FLSA, and therefore Plaintiff's claims against Mrs. Baboun fail as a matter of law.

14.    Plaintiff's claims against Mr. Baboun is barred, in whole or in part, because he was not Plaintiff's employer within the meaning of the FLSA, and therefore Plaintiff's claims against Mr. Baboun fail as a matter of law.

15.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has been fully compensated for all hours worked in accordance with the FLSA.

**WHEREFORE**, Defendants respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer; (c) award Defendants costs and reasonable attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**Dated**: March 26, 2026

Respectfully Submitted,

*/s/ Miguel A. Morel*
Miguel A. Morel, FBN 89163
mamorel@littler.com
Arielle Astra, FBN 1069704
aastra@littler.com
**LITTLER MENDELSON, P.C.**
100 SE 2nd Street, Suite 4300
Miami, Florida 33131
Telephone: 305.400.7500
Facsimile: 305.603.2552

*Attorneys for Defendants*